IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60802
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHARON DEMETRESS HOOPER,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:97-CR-28-1-LS
- - - - - - - - - -
October 23, 1998

Before HIGGINBOTHAM, JONES and DENNIS, Circuit Judges.

PER CURIAM:[*]

Sharon Demetress Hooper appeals her conviction of trafficking in and using unauthorized access devices from February 1996 until December 1996, in violation of 18 U.S.C. § 1029(a)(2). Hooper submitted fraudulent applications to acquire and resell cellular telephones and cellular telephone service provided by Century Cellunet.

Hooper argues that the district court erred in denying her motion in limine to exclude evidence that prior to the charged offense, she had obtained two cellular telephone service

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

contracts for her own use by submitting fraudulent applications. It is not clear whether Hooper properly preserved the issue raised on appeal in her motion in limine. The record does not contain a copy of Hooper's motion in limine. Although the transcript indicates that a motion in limine was presented in open court and discussed at trial, the record is vague as to the specifications of the motion. Hooper failed to provide record cites in her brief showing that she objected when the evidence was introduced at trial. See Moore v. FDIC, 993 F.2d 106, 107 (5th Cir. 1993); Wilson v. Waggener, 837 F.2d 220, 222 (5th Cir. 1988). Regardless whether the issue was properly preserved or briefed, Hooper's argument is without merit.

Although the district court did not determine whether the evidence was intrinsic or extrinsic, it not abuse its discretion in admitting the evidence. Even if the evidence were considered extrinsic, evidence that Hooper fraudulently obtained cellular phones and service in the past is admissible under Fed. R. Evid. 404(b) to establish knowledge and intent. See United States v. Leal, 74 F.3d 600, 606 (5th Cir. 1996)(extrinsic evidence that defendant engaged in similar crimes can be relevant to establishing her knowledge or intent to commit the crime charged).

The probative value of the evidence is not substantially outweighed by undue prejudice. Hooper's acts were similar to those for which she was charged and occurred close in time to the charged offense. The Government's other evidence sheds little light on Hooper's intent; thus, the probative value of the

extrinsic offense is great.  <u>United States v. Chavez</u>, 119 F.3d 342, 346 (5th Cir.), <u>cert. denied</u>, 118 S. Ct. 615 (1997).

Hooper also argues that the district court erred in denying her motion for a judgment of acquittal challenging the sufficiency of the evidence establishing her intent to defraud. Hooper's codefendant testified that the applications for telephones and service were completed with false information, that he was directed to forge signatures on the applications, and that he and Hooper resold the cellular telephones.  A handwriting expert testified that Hooper filled out a large number of the applications herself and that she probably signed the customer's signatures on a number of the applications.  A Century Cellunet representative also testified that numerous charges were incurred on the contracts Hooper sold but the customers could never be located.  Hooper admitted that she had previously obtained cellular phones and service for her personal using by submitting fraudulent applications.  Based on this evidence, a rational trier of fact could have found beyond a reasonable doubt that Hooper had intent to defraud.  <u>See</u> <u>United States v. Resio-Trejo</u>, 45 F.3d 907, 910 (5th Cir. 1995).

AFFIRMED.